# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THE CONNOR GROUP, A REAL ESTATE INVESTMENT FIRM, LLC, | Case No. 3:14-cv-283 |
| and | Judge _____ |
| MERIDIAN APARTMENT MANAGER, LLC, | NOTICE OF REMOVAL |
| Plaintiffs, | |
| v. | |
| JAMES J. RANEY, | |
| Defendant. | |

Notice is hereby given of the removal of this action from the Montgomery County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Western Division. The grounds for removal are as follows:

1. The nature of this case is a defamation action filed by a landlord and apartment complex manager against a former tenant. The tenant-defendant has been critical of the plaintiffs—he is alleged to have called them "unethical," to have highlighted an illegal clauses in leases, to have advocated for the formation of a tenants' union, to have accused the plaintiffs of enticing others to "the Dark Side," and other similar conduct. The pleadings are closed and a motion for judgment on the pleadings is pending.

2. Plaintiff The Connor Group, A Real Estate Investment Firm, LLC ("TCG") is a citizen of the State of Ohio. TCG owns an apartment complex known as the Meridian Apartments in Columbus, Ohio (and multiple other apartment complexes in Ohio, Georgia, North Carolina, Texas, Tennessee, and Colorado) Plaintiff Meridian Apartment Manager, LLC

1

("Meridian"), is a citizen of the State of Ohio and the State of Delaware. Meridian manages the Meridian apartment complex for TCG. Defendant Jim Raney is a citizen of the State of Illinois, and was formerly a tenant in the Meridian apartment complex. There thus is complete diversity between all plaintiffs (citizens of Ohio and Delaware) and the only defendant (Illinois) as required by 28 USC 1332(a)(1).

3. The amount in controversy between TCG and Raney is $100,000, and the amount in controversy between Meridian and Raney is $100,000, as evidenced by interrogatory responses first served on Raney on August 22, 2014, and first verified on August 25, 2014. The amount in controversy between each plaintiff and the only defendant therefore satisfies the jurisdictional minimum set forth in 28 USC 1332(a).

4. The discovery responses are the first "paper" from which it may be ascertained that the case is one which is or has become removable. The original pleading in this case, which does not establish diversity jurisdiction, was filed on September 20, 2013. This notice is being filed less than 30 days after receipt of the discovery responses, and less than one year after the initial pleading. It therefore is filed within the time limits prescribed by 28 USC 1446(b)(3) and 1446(c)(1), respectively.

5. Per 28 USC 1446(a) and the instructions of the clerk of court, attached hereto are copies of: the civil cover sheet and supplemental cover sheet; the state-court docket sheet; the original and amended pleadings; all pending motions; all pending orders of the state court; and the discovery responses establishing the amount in controversy. More specifically, the attachments are:

    a. Civil cover sheet (Exhibit 1)

    b. Supplemental civil cover sheet for removed cases (Exhibit 2)

c. State-court docket as of August 26, 2014 (Exhibit 3)

d. Original complaint, filed September 20, 2013 (Exhibit 4)

e. Amended complaint, filed January 21, 2014 (Exhibit 5)

f. Answer to amended complaint, filed June 5, 2014 (Exhibit 6)

g. Case scheduling order, entered June 12, 2014 (Exhibit 7)

h. Amended answer to amended complaint, filed July 3, 2014, consisting of Exhibits 8, 9, and 10.  The amended answer has a large number of exhibits (to provide context for the allegedly defamatory statements).  Due to technical limitations with the state court clerk, it was split into two filings when it was filed on July 3, 2014.  And now due to technical limitations with the district court clerk, one of the two state-court filings is additionally split into two separate attachments to this notice of removal.  The amended answer to the amended complaint therefore consists of three attachments hereto as follows: Exhibit 8 to this notice is the amended answer plus its exhibits A and B; Exhibit 9 to this notice is exhibits C to H to the amended answer; and Exhibit 10 to this notice is exhibits H through O to the amended answer.  Exhibits 8, 9, and 10 to this notice all were filed in the trial court on July 3, 2014

i. Defendant Raney's motion for judgment on the pleadings, filed July 17, 2014 (Exhibit 11)

j. Plaintiffs' memorandum in opposition to motion for judgment on the pleadings, filed August 14, 2014 (Exhibit 12)

k. Defendant Raney's reply in support of motion for judgment on the pleadings, filed August 21, 2014 (Exhibit 13)

l.  Order compelling discovery, entered August 21, 2014 (Exhibit 14)

m.  Plaintiffs' amended interrogatory responses, served August 22, 2014 (Exhibit 15)

>Respectfully submitted,
>
>/s/ Jeffrey M. Nye
>Jeffrey M. Nye (OH bar # 0082247)
>Stagnaro, Saba & Patterson Co., L.P.A.
>2623 Erie Avenue
>Cincinnati, Ohio 45208
>(513) 533-6714
>(513) 533-6711 (facsimile)
>jmn@sspfirm.com
>**Trial Attorney for defendant Jim Raney**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal was both filed in the state court and served on counsel for the plaintiffs, Stephen Watring, on August 27, 2014.

>/s/ Jeffrey M. Nye
>Jeffrey M. Nye (0082247)